UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TERRON BELLE,

                              Plaintiff,

          vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
TAIWO ADELEKE, Shield #2404, and
MARKELL GREEN, Shield #6986,
in their individual and official capacities,

                              Defendants.
------------------------------------------------------------------x

**COMPLAINT**

**14 CV 3418 (ALC)**

**ECF Case**

**JURY TRIAL
DEMANDED**

Plaintiff Terron Belle, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    This civil rights action arises from the unconstitutional retaliation against Terron Belle ("Plaintiff") after he lawfully exercised his First Amendment right to freedom of speech. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment retaliation, excessive force, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and Plaintiff resides in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Terron Belle is an African-American male, and at all relevant times a resident of the City of New York, State of New York.

7. The individually named defendants Police Officer Taiwo Adeleke (Shield #2404) ) ("PO Adeleke") and Police Officer Markell Green (Shield #6986) ("PO Green") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. Upon information and belief, on the date of the incident giving rise to this complaint, the individual defendants were assigned to the 32nd Precinct in Manhattan.

9. Each individual defendant is sued in his or her individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. The City of New York initially demanded a hearing pursuant to General Municipal Law § 50-h, but when Plaintiff requested an adjournment, the City's designated lawyer failed to reschedule the hearing.

13. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. On May 10, 2013, at around 2:30 PM, Plaintiff was in the vicinity of Jackie Robinson Park on 148th Street and Bradhurst Avenue in Upper Manhattan.

15. At that time, he noticed PO Adeleke, and he recognized her as one of the police officers who, on October 31, 2012, had arrested him inside his apartment in the middle of the night under strange circumstances.

16. Because Plaintiff was interested in filing a lawsuit against those officers, but did not know any of their identities, Plaintiff wanted to ascertain the identity of Officer Adeleke.

17. Plaintiff approached Officer Adeleke and politely asked for her badge number.

18. Plaintiff's question clearly agitated PO Adeleke, who asked Plaintiff "why the fuck" he needed her badge number.

19. When Plaintiff responded that he had personal reasons and was entitled to the information, Officer Adeleke cursed at plaintiff and pushed him.

20. In response, Plaintiff told PO Adeleke that she had no right to put her hands on him and that she should behave like a professional.

21. Plaintiff spoke in an assertive yet respectful manner to Officer Adeleke; he never displayed any physical aggression, never made any menacing gestures, never stepped up to her, never did anything to give PO Adeleke any reason to suspect him of any threat or wrongdoing.

22. Nevertheless, PO Adeleke demanded Plaintiff's identification, and as Plaintiff compliantly took out his wallet and was about to hand PO Adeleke his ID, PO Adeleke suddenly grabbed Plaintiff's neck and slammed him onto the hood of the parked police car at the curb, yanking his arms behind his back, pressing her weight on him.

23. Without resisting her aggression, Plaintiff asked PO Adeleke why she was doing this, and she yelled at him to "shut the fuck up."

24. This aggression transpired in front of PO Green, who stood by passively until PO Adeleke unclenched Plaintiff, at which point PO Green handcuffed him and placed him in a police car.

25. As a result of the First Amendment retaliation and excessive force, Plaintiff suffered emotional distress, anguish, fear, humiliation, and degradation.

26. Because Plaintiff was assaulted by PO Adeleke after lawfully exercising his right to free speech, Plaintiff suffered unconstitutional retaliation, with his exercise of his First Amendment right chilled as a consequence.

27. The NYPD failed to supervise and discipline the individual defendants despite their histories of misconduct and abuse of power. The NYPD failed to properly investigate, adjudicate, and impose discipline, ignoring the risk that they would engage in future misconduct.

28. The NYPD's flaccid response to rogue officers constitutes an irrational custom and policy that fosters a culture of misconduct and mendacity in the NYPD.

29. Moreover, there is a gross deficiency in training NYPD Officer on the First Amendment – specifically, the right of citizens to express themselves lawfully, and to inquire about a Police Officer's identity.

30. NYPD officers are inadequately trained to distinguish between protected speech and unprotected speech, between inconvenient forms of speech and illegal forms of speech.

31. It is the right of every citizen to ask a police officer for his or her badge number.

32. NYPD Officers are neither educated about this right nor trained to respect it.

33. The NYPD seeks to foster a culture of fear and unquestioned authority, whereby citizens are not allowed to feel free to assert their rights before police officers.

34. This theory of controlling people through fear is so prevalent and widely respected in all levels of the NYPD that individual police officers are easily led into thinking that they are above the law and the Constitution.

35. There is no attempt – in the police academy or through continuing education – to disabuse NYPD officers of this dangerous notion.

36. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution;

   b. Severe emotional trauma, distress, degradation, and suffering;

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

37. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

38. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

39. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Excessive Force Under Section 1983

42. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

44. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Failure to Intervene Under Section 1983

45. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

47. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

48. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### First Amendment Retaliation Under Section 1983

49.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50.     By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – asking for an officer's badge number, and questioning why she was mistreating him.  In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

51.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FIFTH CLAIM

### Municipal Liability Under Section 1983

52.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

53.     By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment rights through its official policy and custom of having weak disciplinary measures for NYPD officers who have histories and propensities of abuse of power; a policy and custom of failing to adequately investigate and punish misconduct, which encourages unscrupulous officers to deprive citizens of rights.

54.     By failing to train its officers on the First Amendment, and by fostering a culture of fearing police officers, Defendant City has intentionally disregarded the First Amendment rights of New Yorkers.

55.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the damages and injuries hereinbefore alleged.

### PENDENT STATE CLAIMS

## SIXTH CLAIM

### Battery under N.Y. State Law

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. The individual defendants tackled and forcefully restrained Plaintiff without a lawful reason, simply because he dared to assert his right to free speech to a police officer.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

## SEVENTH CLAIM

### Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. Defendant City owed a duty of care to Plaintiff to prevent the excessive force and first amendment retaliation sustained by Plaintiff.

61. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

63. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

64. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## EIGHTH CLAIM

**Unreasonable Search and Seizure Under New York State Constitution Art. I § 12**

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

66. Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

67. Without probable cause and without Plaintiff's consent, the individual defendants tackled and arrested Plaintiff, searched his person, and confined him.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

## NINTH CLAIM

**Respondeat Superior Under N.Y. State Law**

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. Defendant City is the employer of the individual defendants.

71. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

72. As a direct and proximate result of the acts of the defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Terron Belle in an amount to be determined at trial;

   b. An order awarding punitive damages in an amount to be determined at trial;

   c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

   d. Such other and further relief as this Court may deem appropriate.

DATED: May 12, 2014     _____s/_____
     New York, New York   CYRUS JOUBIN, ESQ.
               88 Pine St., 14th Fl., Ste. Cohen
               New York, NY 10005
               (703) 851-2467
               joubinlaw@gmail.com
               Attorney for Terron Belle